IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-130-CR





FRANK ALEXANDER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 910558, HONORABLE HUME COFER, JUDGE PRESIDING
 


 





PER CURIAM

 A jury found appellant guilty of unauthorized use of a vehicle and assessed
punishment, enhanced by two previous felony convictions, at imprisonment for twenty-five years. 
Tex. Penal Code Ann. § 31.07 (West 1989). The only issue on appeal is whether the State proved
ownership of the vehicle as alleged.

 The indictment alleged that the vehicle in question was owned by "Manor
Gonzales." Appellant correctly points out that the complainant's name appears in the statement
of facts several times as "Maynard Gonzales." Gonzales was never asked to spell his name.

 A variance between the allegation and proof of a name will not impugn the validity
of a judgment of conviction so long as the names sound alike or the attentive ear finds difficulty
distinguishing them when pronounced. Farris v. State, 819 S.W.2d 490, 496 (Tex. Crim. App. 1990). If a question arises whether two spellings are idem sonans, it is an issue of
fact for the jury. Unless the two names are patently incapable of being sounded alike, a failure
to request submission of the issue for jury consideration will, therefore, defeat any claim of a
variance on appeal. Id. 

 Appellant did not request a jury instruction on the pronunciation of the
complainant's name. "Manor" and "Maynard" are not patently incapable of being sounded alike. 
The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: September 30, 1992

[Do Not Publish]